IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHERYL OWUSU,

     Plaintiff,

v.                                            1:23-cv-00973-MLG-JMR

WAL-MART,

     Defendant.

**AMENDED[1] PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on *pro se* plaintiff Cheryl Owusu's Motion to Remand (Doc. 7), filed on November 7, 2023. Defendant Wal-Mart[2] filed a response (Doc. 8) on November 21, 2023. Ms. Owusu filed a document titled "Motion to Remand: Additional Grounds and Demand" on March 6, 2023.[3] Doc. 26. The Court construes this document as a reply to Ms. Owusu's Motion to Remand (Doc. 7).[4] On December 26, 2023, Ms. Owusu filed a Motion to Request a Bench Trial (Doc. 14). Wal-Mart filed a response (Doc. 16) on January 4,

---

[1] The Court issued Proposed Findings and Recommended Disposition ("PFRD") on February 20, 2024. Doc. 20. The Court later rescinded that PFRD in order to consider Ms. Owusu's late replies. *See* Doc. 32.

[2] In its notice of removal, Wal-Mart states that it should be named as Wal-Mart Stores East, L.P. Doc. 1 at 1.

[3] Wal-Mart filed a response to Ms. Owusu's "Motion to Remand: Additional Grounds and Demand" (Doc. 26), which the Court has also considered. *See* Doc. 36.

[4] Ms. Owusu states that she did not receive Wal-Mart's response (Doc. 8) due to a "technical issue." Doc. 26 at 1. She further states that she did not become aware of the response until the Court issued its PFRD on February 20, 2024. *Id.* The Court will consider this late reply, but cautions Ms. Owusu that she must comply with all applicable rules and deadlines in the future.

2024.  Ms. Owusu filed a reply (Doc. 22) on February 23, 2024.[5]  Ms. Owusu filed an

amendment to her reply (Doc. 35) on March 18, 2024.[6]  On December 26, 2023, Ms. Owusu also

filed a "Motion to Remand, Summary" (Doc. 15).  Wal-Mart filed a response (Doc. 17) on

January 4, 2024.  Ms. Owusu filed a reply (Doc. 23) on February 23, 2024.[7] The Honorable

District Judge Matthew L. Garcia referred this case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B)

and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to

recommend to the Court an ultimate disposition of this case.  Doc. 13.  Having reviewed the

parties' submissions[8] and the relevant law, I recommend that the Court DENY each of plaintiff's

three motions (Docs. 7, 14, 15).

## I.    Procedural History

On June 12, 2023, Ms. Owusu filed her complaint in the Second Judicial District,

Bernalillo County, New Mexico.  Doc. 1-2 at 1–13,[9] *see also Owusu v. WalMart*, No. D-202-

CV-2023-04549.  The complaint is an appeal of the New Mexico Human Rights Bureau's

---

[5] Ms. Owusu filed a motion asking the Court to consider her late reply (Doc. 29) which the Court granted (Doc. 32).

[6] The Court will consider this amendment.  However, in the future, Ms. Owusu must follow the rules and procedures for briefing motions.  Failure to follow the rules may result in the Court striking Ms. Owusu's non-compliant filings.

[7] Ms. Owusu filed a motion asking the Court to consider her late reply (Doc. 29) which the Court granted (Doc. 32).

[8] Because Ms. Owusu is proceeding *pro se*, the Court liberally construes her motions.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] The complaint appears to be missing page two.  Ms. Owusu attached the missing page to her response.  *See* Doc. 1-2 at 54, 62.

("NMHRB's") determination that there was no probable cause to believe Wal-Mart discriminated against Ms. Owusu on the basis of race. *Id.* The complaint neither spells out claims for damages, nor demands a specific amount. *Id.*

On July 11, 2023, Wal-Mart filed its answer and a demand for a twelve-person jury. Doc. 1-2 at 42–52.

On July 14, 2023, Ms. Owusu filed a document titled "Response to Walmart's Response to My Appeal."[10]  Doc. 1-2 at 53–60.  In this document, Ms. Owusu stated "I will request a monitory [sic] compensation of **$100,00.00** [sic] for the trauma and abuse I experienced . . . ." *Id.* at 59 (emphasis added).[11]  Ms. Owusu requested that Wal-Mart pay for two years of therapy, two years of anti-anxiety and depression medications, and diversity and inclusion training. *Id.* The document did not provide further explanation or itemization of the amount of monetary compensation demanded.

On October 2, 2023, Wal-Mart attorney Rachel C. Moreno emailed Ms. Owusu requesting "a monetary breakdown of [her] alleged damages and a monetary figure [she] would agree to take to settle the case." Doc. 7 at 10.  On October 7, 2023, Ms. Owusu replied to Ms. Moreno's email stating that she was "requesting for a total of $200,000" and providing an itemized explanation of the amount demanded. *Id.* at 11.

On November 3, 2023, Wal-Mart filed a Notice of Removal—removing the case from

---

[10] Ms. Owusu calls this document an amended appeal.  Doc. 7 at 3.

[11] It was clear that Ms. Owusu's demand for $100,00.00 contained a typo, but it was unclear if she meant to demand $10,000.00 and misplaced the comma, or if she meant to demand $100,000.00 and omitted a zero.

state court to this court based on diversity jurisdiction.  Doc. 1.  The removal notice asserts that there is complete diversity between the parties because Ms. Owusu is a citizen of New Mexico and Wal-Mart is a Florida corporation with is principal place of business in Arkansas.  *Id.* at 2. The notice cites Ms. Owusu's October 7, 2023 demand for $200,000 to show that the amount in controversy exceeds the $75,000 floor required for diversity jurisdiction.  *Id.*

## II.   Ms. Owusu's Motion to Remand Should be Denied.

Ms. Owusu argues that this case should be remanded to state court for two reasons.  First, she argues that there is not complete diversity of citizenship among the adverse parties, and therefore the Court lacks diversity jurisdiction.  Doc. 7 at 7.  Second, she argues that Wal-Mart's notice of removal was not timely filed.  *Id*. at 3–4, 6–7.  Wal-Mart argues that there is complete diversity between the parties.  Doc. 8 at 5–6.  Wal-Mart also argues that it timely removed the case within thirty days of receiving clear and unequivocal notice that the amount in controversy met the amount required for removal.  *Id*. at 3–4.  For the reasons explained below, I agree with Wal-Mart.  I therefore recommend that the Court DENY Ms. Owusu's Motion to Remand (Doc. 7).  I further recommend that the Court DENY AS MOOT Ms. Owusu's "Motion to Remand, Summary" (Doc. 15).

A party may remove a civil action from state court to federal court based on diversity jurisdiction.  28 U.S.C. § 1441(a)-(b).  To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."  *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (citation omitted).  Complete diversity of citizenship is established when the dispute is between citizens of different states.  28 U.S.C. § 1332(a)(1).  A corporation is a citizen of the state where

4

incorporated, and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1). The amount in controversy must exceed $75,000, not including interest and costs.  28 U.S.C. § 1332(a).

If the case stated by the initial pleading meets the requirements for removal, a defendant must file the notice of removal within thirty days after receipt of the initial pleading.  28 U.S.C. § 1446(b)(1).  If the case stated by the initial pleading is not removable, a defendant must file the notice of removal within thirty days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."  28 U.S.C. § 1446(c)(3)(A).  In addition, a written settlement demand "may be an 'other paper' under § 1446(b)(3) 'from which it may first be ascertained that the case is one which is or has become removable.'"  *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1271 (10th Cir. 2016).

The Tenth Circuit is "very strict in assessing whether the grounds for removal are ascertainable."[12]  *Paros Properties*, 835 F.3d at 1269.  The Tenth Circuit holds that the amount

---

[12] The Tenth Circuit noted that the strict rule preserves resources of the court and the parties by avoiding "[l]itigation concerning when the defendant realized or should have realized the amount in controversy."  *Paros Properties*, 835 F.3d at 1270.  The court further noted that "[a]ny time the plaintiff wishes to start the 30-day clock, [she] can provide the defendant with an unambiguous notice of what is being claimed."  *Id*.

in controversy is not "ascertainable" unless there is "a specific allegation that damages exceed the federal jurisdictional amount of $75,000." *Id*. Importantly, "[t]he 30-day clock [for removal] does not begin to run until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable." *Id*. (citing *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)). "[A]llegations from which the defendant might well have surmised that damages exceeded the jurisdictional floor" are not enough to trigger the thirty-day clock for removal. *Paros Properties*, 835 F.3d at 1269; *see also Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076–79 (10th Cir. 1999) (holding that complaint seeking "in excess of $10,000" did not trigger the thirty-day clock for removal, but deposition testimony that plaintiffs sought "more than $300,000" did).

Ms. Owusu's first argument—that there is not complete diversity among the adverse parties in this case—is without merit. Ms. Owusu briefly argues that Wal-Mart cannot remove based on diversity jurisdiction because there is not complete diversity of citizenship between the parties. Doc. 7 at 7. Ms. Owusu admits that there is diversity between her and Wal-Mart. *Id*.; *see also* Doc. 1 at 2 (Notice of Removal stating that Ms. Owusu is a citizen of New Mexico and Wal-Mart is a citizen of Florida and Arkansas). However, Ms. Owusu argues that there is not complete diversity because she and the security guards and Wal-Mart associates involved in the incidents giving rise to her case are all from New Mexico. Doc. 7 at 7. Diversity jurisdiction, however, only requires complete diversity of citizenship "between the adverse parties." *Dutcher*, 733 F.3d at 987. Ms. Owusu only named Wal-Mart as an adverse party in her case.[13] *See* Doc.

---

[13] Ms. Owusu's Charge of Discrimination filed with the NMHRB was only against Wal-Mart. *See* Doc. 1-2 at 14–15. "[I]ndividual defendants cannot be sued in district court under the

1-2 at 1–2.  Because the security guards and Wal-Mart associates are not named as adverse parties,[14] the Court does not consider their citizenship in determining whether diversity jurisdiction exists.  There is complete diversity of citizenship between the named plaintiff, Ms. Owusu, and the named defendant, Wal-Mart, because they are citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).

Ms. Owusu's second argument—that Wal-Mart did not timely file its notice of removal—is also without merit.  To determine whether Wal-Mart's notice of removal was timely, the Court must determine when Ms. Owusu first made "a specific allegation that damages exceed the federal jurisdictional amount of $75,000."  *Paros Properties*, 835 F.3d at 1269.  Wal-Mart had thirty days from this date to remove the case to federal court.  *See* 28 U.S.C. § 1446(b)(3) (defendant must remove within thirty days after grounds for removal become ascertainable).  Ms. Owusu's June 12, 2023 complaint/notice of appeal filed in state court did not contain any specific allegations about damages.  Doc. 1-2 at 1–13.  Ms. Owusu's July 19, 2023 "response" (which Ms. Owusu now refers to as an amendment) filed in state court also did not contain any specific allegation that her claimed damages exceeded $75,000.  *See* Doc. 1-2 at 53– 60.  In the "response," Ms. Owusu asked for monetary compensation in the amount of

---

Human Rights Act unless and until the complainant exhausts her administrative remedies against them." *Luboyeski v. Hill*, 1994-NMSC-032, ¶ 7, 117 N.M. 380, 382, 872 P.2d 353, 355.

[14] Ms. Owusu argues that the Wal-Mart associates are "part of the defendant team."  Doc. 7 at 7. However, this fact does not make the Wal-Mart associates parties to this case.

**$100,00.00**.[15]  Doc. 1-2 at 59 (emphasis added).  While it was clear that Ms. Owusu's demand for $100,00.00 contained a typo, it was unclear if Ms. Owusu meant to demand $10,000.00 and misplaced the comma, or if she meant to demand $100,000.00 and omitted a zero.  Nothing in Ms. Owusu's response clarified the ambiguous amount demanded.  The response contained no explanation or itemization of the amount demanded.  Because the amount demanded in the response was ambiguous, the response did not provide the "clear and unequivocal" notice that the suit was removable required to start the thirty-day clock for removal.  *Paros Properties*, 835 F.3d at 1269; *see also Huffman*, 194 F.3d at 1077 (holding that complaint seeking "in excess of $10,000" did not trigger the thirty-day clock for removal).

Wal-Mart's attorney emailed Ms. Owusu on October 2, 2023, requesting "a monetary breakdown of [her] alleged damages and a monetary figure [she] would agree to take to settle the case."  Doc. 7 at 10.[16]  Ms. Owusu's October 7, 2023 response to this email is the first time she

---

[15] In her motion, Ms. Owusu states that she demanded "$100,000 in damages."  Doc. 7 at 3–4. However, as explained above, she actually demanded "$100,00.00"—which rendered her demand ambiguous.

[16] Ms. Owusu claims that Wal-Mart's attorney sent this email "deceitfully" and "in bad faith" to put her "under duress."  Doc. 7 at 4.  She further alleges that Wal-Mart's attorney "pressured and manipulated" her, and "act[ed] fraudulent[ly]" as "scammers," thereby violating the rules of ethics.  *Id*.  In her reply, Ms. Owusu again argues that Wal-Mart's October 2, 2023 email constituted "misrepresentation" and "deception."  Doc. 26 at 2.  The Court is sympathetic to Ms. Owusu's feeling of intimidation when interacting with attorneys as a *pro se* litigant.  However, having carefully reviewed the email (Doc. 7 at 10) and the record evidence, the Court finds no evidence of deceit, bad faith, misrepresentation, deception, or failure to comply with the rules by Wal-Mart's attorney.  Wal-Mart's email was professional correspondence and  typical for the legal profession.  Ideally, Wal-Mart should have let Ms. Owusu know that it did not want to engage in further settlement negotiations after receiving her settlement demand.  However, the fact that Wal-Mart did not respond to her settlement demand does not constitute deceit, bad faith, misrepresentation, deception, or a failure to comply with the rules.

provided "clear and unequivocal" notice that she was demanding more than $75,000.  *See* Doc. 7 at 11 (email from Ms. Owusu demanding $200,000 and providing an itemized explanation of the amount demanded).  Ms. Owusu's October 7, 2023 email started the thirty-day clock for removal.[17]  *Paros Properties*, 835 F.3d at 1269.  Wal-Mart removed the case to federal court on November 3, 2023, less than thirty days later.  Wal-Mart's removal is therefore timely.  I therefore recommend that the Court DENY Ms. Owusu's Motion to Remand (Doc. 7).

I further recommend that the Court DENY AS MOOT Ms. Owusu's "Motion to Remand, Summary," filed on December 26, 2023.  Doc. 15.  In essence, this filing repeats the arguments made in Ms. Owusu's Motion to Remand (Doc. 7). Although the Court appreciates Ms. Owusu's attempt to make sure that each assigned judge knows the history of her case, the Court assures Ms. Owusu that all judges assigned to this case are able to review all documents that have been filed.  Ms. Owusu's summary does not add to or amend any of the substantive arguments about remand.  I therefore recommend that the Court DENY AS MOOT Ms. Owusu's "Motion to Remand, Summary" (Doc. 15).

---

[17] Ms. Owusu seems to have the mistaken belief that only a complaint or an amended complaint can trigger the thirty-day deadline for removal.  *See, e.g.*, Doc. 7 at 4 ("to [re]move a case, the Plaintiff has to amend their filed complaint and the defendant will have the right to [re]move the case with[in] 30 days," and alleging that her response to Wal-Mart's email in which she asked for "$200,000" in damages did not constitute an amendment to her complaint).  However, the thirty-day deadline for removal can also be triggered by an "other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  The written demand Ms. Owusu sent to Wal-Mart is an "other paper" that can (and did) trigger the thirty-day deadline for removal under § 1446(b)(3).  *Paros Properties*, 835 F.3d at 1271.

**III.    Ms. Owusu's Motion for a Bench Trial Should be Denied.**

Ms. Owusu also filed a motion to request a bench trial.  Doc. 14.  In response, Wal-Mart points out that it filed a twelve-person jury demand in state court.  Doc. 16 at 1 (citing Doc. 1-2 at 51–52).  Wal-Mart asserts that this request is sufficient to preserve its right to a jury trial.  Doc. 16 at 3.  In her replies, Ms. Owusu asserts that Wal-Mart did not preserve its right to a jury trial in this court because (1) Wal-Mart's request for a jury trial had not been approved in state court (Doc. 22 at 7–8) and (2) Wal-Mart did not timely file its request for a jury in state court (Doc. 35 at 7, 13).  For the reasons explained below, I find that Wal-Mart preserved its right to a jury trial in this court.

The Seventh Amendment of the United States Constitution provides a "right of trial by jury."  U.S. CONST. AMEND. VII.; *see also* FED. R. CIV. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate.").  When either party invokes the right to trial by jury by a demand under Rule 38, "the action must be designated on the docket as a jury action."  FED. R. CIV. P. 39(a).  The trial in such an action "must be by jury" unless

> (1) the parties or their attorneys file a stipulation to a nonjury trial or so
>     stipulate on the record; or
> (2) the court, on motion or on its own, finds that on some or all of those issues
>     there is no federal right to a jury trial.

*Id.*  When a party demands a jury trial prior to removal in accordance with state law, the party "need not renew the demand after removal."  FED. R. CIV. P. 81(c)(3)(A).

Ms. Owusu's motion does not assert that either of the exceptions under Rule 39(a) are met.  FED. R. CIV. P. 39(a).  In this case, Wal-Mart demanded a twelve-person jury trial at the

time it filed its answer in state court in accordance with New Mexico's State Court Rules.  S*ee generally* Doc. 1-2 at 51 (Wal-Mart's 12-Person Jury Demand); *see also* Rule 1-038(A), (B)(1) NMRA.  In addition, Wal-Mart has cited law showing that it is entitled to a jury trial in this case involving an appeal of a NMHRB order.  *See* N.M. Stat. Ann. § 28-1-13(A), (C) (NMHRB orders are appealed by trial *de novo* to state district court, and either party may request a jury trial.).  Therefore, Wal-Mart has preserved its right to a jury trial under the Federal Rules of Civil Procedure.

Ms. Owusu's two arguments for why Wal-Mart did not preserve its right to a jury trial are without merit.

First, Ms. Owusu argues that Wal-Mart is not entitled to a jury trial because Wal-Mart's request for a jury trial had not been approved in state court.  Doc. 22 at 7–8.  Neither the New Mexico rules nor the federal rules require a request for a jury trial to be "approved" to be valid.  In civil actions in New Mexico state court, "any party may demand a trial by jury of any issue triable of right by serving upon the other parties a demand therefor in writing after the commencement of the action and not later than ten (10) days after service of the last pleading directed to such issue, and filing the demand as required by Paragraph D of Rule 1-005 NMRA." Rule 1-038(A) NMRA.  And, in civil actions in federal court, "[a] party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal."  FED. R. CIV. P. 81(c)(3)(A).  Here, Wal-Mart "expressly demanded a jury trial in accordance" with New Mexico law.

Second, Ms. Owusu argues that Wal-Mart did not timely file its request for a jury in state court.  Doc. 35 at 7, 13.  Ms. Owusu filed her complaint in state court on June 12, 2023.  Doc. 1-

2 at 1–13.  Wal-Mart filed its answer and a demand for a twelve-person jury on July 11, 2023.

*Id*. at 42–52.  Wal-Mart's answer is a "pleading" under Rule 1-038(A) NMRA.  *See* Rule 1-007(A) NMRA (pleadings include a complaint and an answer); s*ee also Morrison v. Wyrsch*, 1979-NMSC-093, ¶ 11, 93 N.M. 556, 558, 603 P.2d 295, 297 (Rule 1-038(A) NMRA requires a defendant to make a jury demand "within ten days after [its] answer").  Wal-Mart had until July 21, 2023—ten days after it filed its answer—to file its jury demand in state court.[18]  Thus, Ms. Owusu's argument that Wal-Mart's jury demand in state court was untimely fails.

Wal-Mart has preserved its right to a jury trial.  I therefore recommend that the Court DENY Ms. Owusu's Motion for a Bench Trial (Doc. 14).

## IV.    Recommendations

For the reasons explained above, I recommend that the Court

A.  DENY Ms. Owusu's Motion to Remand (Doc. 7);

B.  DENY AS MOOT Ms. Owusu's "Motion to Remand, Summary" (Doc. 15); and

C.  DENY Ms. Owusu's Motion for a Bench Trial (Doc. 14).

---

[18] Ms. Owusu claims that Wal-Mart was required to file its jury demand in state court "within 10 days of receiving the summons."  Doc. 35 at 7.  Ms. Owusu appears to be misreading Rule 1-038(A) NMRA.  Rule 1-038(A) NMRA does not require the jury demand to be filed within ten days of being served with the complaint.  Instead, it requires only that the jury demand be filed within "ten (10) days after service of the last pleading directed to such issue."  Pleadings include a complaint and an answer.  Rule 1-007(A) NMRA.  The "last pleading" in Rule 1-038(A) therefore includes the answer to the complaint.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court.  *Id*.  In other words, if no objections are filed, no appellate review will be allowed.

JENNIFER M. ROZZONI
United States Magistrate Judge